UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARMELL TAYLOR,

        Plaintiff,

v.

        Case No.: 2:24-cv-10080
        Honorable Gershwin A. Drain

CREDIT ACCEPTANCE CORP.,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [#2] AND DISMISSING COMPLAINT

Plaintiff Sharmell Taylor has filed this Fair Credit Reporting Act action against Defendant Credit Acceptance Corporation. Plaintiff has filed an application to proceed in forma pauperis. For the reasons that follow, the Court will grant Plaintiff's application to proceed in forma pauperis and dismiss her Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff moves to proceed in forma pauperis pursuant to 28 U.S.C. §1915(a)(1). If an application to proceed in forma pauperis is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Upon review of Plaintiff's affidavit, the Court is satisfied that Plaintiff is financially unable to pay the filing fee. As such, the Court grants Plaintiff's Application to Proceed In

Forma Pauperis.

Once an in forma pauperis complaint has been filed, the Court must determine whether the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Pro se complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). However, while the notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.

A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L.Ed. 2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

Here, Plaintiff alleges that the Defendant violated the Fair Credit Reporting

Act by failing to take steps to address her complaint that it remove certain transactions it was reporting to the credit bureaus. *See* ECF No. 1, PageID.5. Plaintiff's Fair Credit Reporting Act claim fails. Assuming that Plaintiff can bring a private cause of action against this Defendant, a furnisher of credit information, her claim fails because she is required to plausibly allege that "the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004). However, in her Complaint, Plaintiff only alleges that she raised her complaint with Defendant, not that a consumer reporting agency initiated a dispute. For this reason, Plaintiff fails to state a claim under the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681s-2(b).

### III. CONCLUSION

For the reasons articulated above, IT IS ORDERED that Plaintiff's Application to Proceed In Forma Pauperis [#2] is GRANTED.

This action is DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

Dated: January 18, 2024            /s/Gershwin A. Drain
                                                               GERSHWIN A. DRAIN
                                                                United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Sharmell Taylor, 149 Mooney Avenue, Syracuse, NY 13206 on January 18, 2024, by electronic and/or ordinary mail.
s/ Lisa Bartlett
Case Manager